THOMAS ROBINSON v. SUSANNAH WILKINSON.

*Recovery upon verbal assignment—"Negotiable" paper.*

One who holds by verbal assignment a promissory note made payable to order and not endorsed, cannot recover upon it in his own name.

The term "negotiable," as commonly applied to paper, is a term of classification, and does not necessarily imply anything more than that the paper has the negotiable quality; it includes notes drawn to order and not endorsed.

Error to Superior Court of Detroit. Submitted January 23. Decided January 29.

ASSUMPSIT. Defendant brings error.

*George Gartner* for plaintiff in error. Where a note is transferable in the first instance only by endorsement, one who claims a beneficial interest in it should sue on it in the payee's name. *Pease v. Hirst*, 10 B. & C., 122; *Waters v. Millar*, 1 Dal., 394; *Davis v. Lane*, 8 N. H., 224; *Hedges v. Sealy*, 9 Barb., 218; *Amherst Academy v. Cowls*, 6 Pick., 427; *Jones v. Witter*, 13 Mass., 304; 2 Pars. N. & B., 46 n *b;* 3 Kent's Com., 78 n *d;* Chitty on Bills, 226 *a;* the statutory provision that an assignee may recover in his own name (Comp. L., § 5775) does not apply to paper negotiable under previous laws, *Redmond v. Stansbury*, 24 Mich., 447; *Wilcox v. Sweet*, id., 355; *Waldron v. Harring*, 28 Mich., 493.

*Moore, Canfield & Warner* for defendant in error

COOLEY, J. Wilkinson brought suit in the Superior Court of Detroit upon a note for nine hundred dollars, made by Robinson, and payable to the order of James N. R. Wilkinson. The note was not endorsed, and the plaintiff claimed a right to recover upon it by showing a verbal assignment of it by the payee to herself for value.

It is not pretended that such a suit could have been maintained at the common law, but reliance is placed upon the statute (Comp. L., § 5775), which provides that "the assignee of any bond, note or other chose in action, not negotiable under existing laws, which has been or may be hereafter assigned, may sue and recover the same in his own name," etc. The view of this statute taken by the plaintiff is, that it is intended to confer upon assignees of choses in action the right to maintain suits in their own name in all cases; that while a note in the form of the one before the court is in a certain sense negotiable, yet that it is not fully and for all purposes such until after endorsement by the payee, and is therefore within the intent of this statute and must be con-

sidered not negotiable until it is put in position to pass from hand to hand by mere delivery. And it is said with some force there could be no reason for leaving this particular class of paper subject to the common-law rule which required suit to be brought in the name of the payee, when on all other contracts the assignee is permitted to sue in his own name.

The question, however, is one of statutory construction, and not of the sufficiency of the reasons for making the statute what it is. There is no doubt that such paper is negotiable according to the sense of that word as it is employed in mercantile law. Bills of exchange and notes payable to order or to bearer are equally considered negotiable, though the ceremony of indorsement is required in the one case and not in the other. It is true that paper payable to order and not yet endorsed is sometimes said not to be negotiable until the endorsement is made, but by this is meant only that the endorsement is a necessary ceremony of the process of negotiating it. The term negotiable is one of classification, and does not of necessity imply anything more than that the paper possesses the negotiable quality.

The statute referred to is an enabling statute, and we cannot enlarge it. Probably in enacting it the Legislature went as far as it was supposed there was any necessity for going, namely, to provide for cases in which under common law rules the assignee could not, by the act of the parties, be empowered to sue in his own name. It was not supposable that any similar enactment was needed for the case of negotiable paper, as the mere act of endorsement, which it is customary to perform in assigning such paper, was all that would be needed. *Redmond v. Stansbury*, 24 Mich., 447.

We think the court erred in giving judgment for the plaintiff, and that the judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.